UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

    v.                                         Case No. 14-C-41

CHRISTOPHER HOHOL, and
BRIAN POSHAK,

    Defendants.

## DECISION AND ORDER

This matter is before the Court on the motion filed by the Plaintiff, Securities and Exchange Commission ("S.E.C."), for entry of proposed "final" Judgments as to the Defendants, Christopher Hohol ("Hohol") and Brian Poshak ("Poshak"). (ECF No. 2.) Poshak appears without counsel. As will be further explained, the Court declines to enter the proposed judgments as presented and will require the S.E.C. to supplement its filings by the stated deadline.

The Complaint, filed contemporaneously with the motion, alleges that during at least the three years from 2008 to 2011, the Defendants, while senior executives at Veolia Environmental Services Special Services ("Special Services"), a United States subsidiary of Veolia Environnement S.A. ("Veolia"), violated Section 13(b)(5) of the Securities Exchange Act of 1934, 15 U.S.C. § 78m(b)(5); and Rule 13b2-1 thereunder, 17 C.F.R. § 240.13b2-1; and aided and abetted Veolia's violations of Section 13(b)(2)(A) of the

Exchange Act, 15 U.S.C. § 78m(b)(2)(A), by carrying out an illegal scheme. (ECF No. 1.) Hohol was the most senior executive at Special Services, and Poshak was the comptroller. Both Hohol and Poshak resigned from Veolia in May 2011.

The scheme, directed and primarily carried out by Hohol, involved overstating Special Services' earnings before taxes ("EBT") by falsifying accounting records and circumventing corporate internal controls. Special Services overstated its EBT by about $9 million in 2008, $25 million in 2009, and $30 million in 2010. During the relevant period, Veolia paid bonuses of $136,000 and $28,000 to Hohol and Poshak, respectively, that were substantially based upon the financial performance of Special Services. Therefore the Defendants had a motive for ensuring that Special Services appeared profitable.

Veolia consolidated the false financial information that Special Services provided − as a result of Hohol and Poshak's misconduct − into its publicly disclosed financial statements. As a result, Veolia's financial statements for at least the years 2008 through 2010 overstated its income by the same amounts that Special Services overstated its EBT. Veolia filed those financial statements with the S.E.C. The Complaint seeks a permanent injunction against the Defendants, disgorgement, and civil penalties pursuant to 15 U.S.C. § 78u(d)(3).

The motion for entry of judgment is based on the parties' agreement to settle this action. Each defendant has consented to the entry of judgment against him pursuant to the terms of a consent document, (ECF No. 1-3 (Hohol), ECF No. 1-6 (Poshak)), and has also "agree[d] that the Commission may present the Final Judgment to the Court for

- 2 -

signature and entry without further notice" (*Id.*, ¶ 13.)

Hohol has consented to an order requiring that he disgorge $136,000 plus $16,649 in prejudgment interest for a total of $152,649; however, all amounts other than $106,000 are waived based on Hohol's sworn "Statement of Financial Condition" dated September 30, 2013, and other documents submitted to the S.E.C. However, the waiver of $46,649 in disgorgement and prejudgment interest, and the lack of the imposition of a civil penalty, are based on the accuracy and completeness of the information provided by Hohol to the S.E.C. regarding his assets, income, liabilities, and net worth. If at any time after the entry of final judgment the S.E.C. obtains information indicating that those representations were fraudulent, misleading, inaccurate, or incomplete, the S.E.C. may petition the Court, without notice to Hohol, for an order requiring Hohol to pay the unpaid portion of the disgorgement, pre- and post-judgment interest thereon, and the maximum civil penalty allowed by law.

Poshak is ordered to disgorge $28,000 plus $3,500 in prejudgment interest. A civil penalty is waived based on the sworn representations in Poshak's "Statement of Financial Condition" dated October 21, 2013, and other documents and information submitted to the S.E.C. However, the decision not to impose a civil penalty is based on the accuracy and completeness of the information provided by Poshak to the S.E.C. regarding his assets, income, liabilities, and net worth. If at any time after the entry of final judgment the S.E.C. obtains information indicating that those representations were fraudulent, misleading, inaccurate, or incomplete, the S.E.C. may petition the Court, without notice to Poshak, for an order requiring Poshak to pay the unpaid portion of the

disgorgement, pre- and post-judgment interest thereon, and the maximum civil penalty allowed by law.

Despite the deference afforded to the determination of an administrative agency, *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 866, (1984), without additional information about each defendant's financial condition and the potential civil penalties under three-tier penalty structure of 15 U.S.C. § 78u(d)(3) that are being waived, the Court has insufficient information to assess whether, as to each defendant, the proposed judgments are fair, reasonable, adequate, and in the public interest. The Court requests that the S.E.C. provide a written factual predicate for why it believes the Court should find that the proposed final judgments are fair, reasonable, adequate, and in the public interest. *S.E.C. v. Citigroup Global Mkt., Inc.*, 827 F. Supp. 2d 328, 330-31 (S.D.N.Y. 2011), *stayed pending appeal*, 673 F.3d 158, 169 (2d Cir. 2012); *United States v. Wells Fargo Bank, NA*, 891 F. Supp. 2d 143, 144-45 (D.D.C. 2012).

The Court also calls the parties' attention to paragraph three, lines nine and ten of Hohol's consent to judgment stating that the S.E.C. may petition the Court for payment of "the unpaid portion of the disgorgement, prejudgment and post-judgment interest thereon." It is unclear whether that amount includes the waived portions of the disgorgement. The Court has also considered section IV of the proposed judgment and it does not resolve the question. The issue does not arise with Poshak because he is disgorging *all* his ill-gotten bonuses from Veolia.

Additionally, the proposed judgments provide permanent injunctive relief barring Hohol and Poshak from any future violations of the statutory provisions identified in the

- 4 -

Complaint.  However, as required by the controlling case law the S.E.C. must revise its proposed Judgment *to include*, rather than incorporate by reference, provisions of Hohol and Poshak's consents to judgment.  *See Schmidt v. Lessard,* 414 U.S. 473, 476-77 (1974); *International Longshoremen's Ass'n, Local 1291 v. Philadelphia Marine Trade Ass'n,* 389 U.S. 64, 73-76 (1967); *Blue Cross & Blue Shield Ass'n v. Am. Express Co.,* 467 F.3d 634, 636-37 (7th Cir. 2006); *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.,* 299 F.3d 643, 646 (7th Cir. 2002).  This requirement is consistent with the Court's directives in *S.E.C. v. Koss Corporation*, Case No. 11-C-991 (E.D. Wis.) (ECF Nos. 7 & 9) and *S.E.C. v. Enea,* Case No. 13-C-1151 (E.D. Wis.) (ECF No. 7).

Furthermore, the revised Judgments should eliminate the following statement: "[t]here being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice."  While such a statement is required when final judgment is entered as to "one or more, but fewer than all, claims or parties," Fed. R. Civ. P. 54(b), the statement is not appropriate or necessary in this instance because in this action judgment is being entered against both Defendants and resolves all the claims against each of them.  *See* 10 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure,* § 2656 (1998) (stating the most obvious of the implicit limitations of Rule 54(b) is "when all the claims have been determined as to all the parties.").

Finally, the Court raises the question of whether the proposed Judgments are final judgments because neither expressly states the disposition of the claims against the defendant; e.g., dismissal without prejudice, while including a provision for the retention

- 5 -

of jurisdiction over the enforcement of the terms of the settlement agreement. With respect to the retention of the Court's jurisdiction, the SEC's attention is directed to *Shapo v. Engle*, 463 F.3d 641, 642-46 (7th Cir. 2006) and *Blue Cross & Blue Shield Ass'n,* 467 F.3d at 636-39. In that regard, the Court also directs the S.E.C.'s attention to *S.E.C. v. Enea*, No. 13-C-1151, 2013 WL 6223017, at * 1 (E.D. Wis. Nov. 26, 2013).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The S.E.C. **MUST RESPOND** to this Decision and Order **by February 28, 2014.**

Subsequent to e-filing, the S.E.C. is asked to send a copy of any proposed judgment in a non-PDF format (Word or Word Perfect) to the Court's proposed order e-mail box: RandaPO@wied.uscourts.gov

Dated at Milwaukee, Wisconsin, this 5th day of February, 2014.

> BY THE COURT:
>
> _____
> **HON. RUDOLPH T. RANDA**
> **U.S. District Judge**