# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

    **v.**                                     **Case No. 14-C-41**

CHRISTOPER HOHOL,
and BRIAN POSHAK,

        Defendants.

# DECISION AND ORDER

This matter is before the Court on the motion filed by the Plaintiff, Securities and Exchange Commission ("S.E.C."), for entry of proposed "final" Judgments as to the Defendant Christopher Hohol ("Hohol") and pro se Defendant Brian Poshak ("Poshak"). (ECF No. 2.) On February 5, 2013, the Court issued a Decision and Order declining to enter the judgments as presented and requiring the S.E.C. to supplement and modify its filings.

As described in that Decision and Order, the Complaint alleges that during at least the three years from 2008 to 2011, the Defendants, while senior executives at Veolia Environmental Services Special Services ("Special Services"), a United States subsidiary of Veolia Environnement S.A. ("Veolia"), violated Section 13(b)(5) of the Securities Exchange Act of 1934, 15 U.S.C. § 78m(b)(5); and Rule 13b2-1 thereunder, 17 C.F.R. § 240.13b2-1; and aided and abetted Veolia's violations of Section 13(b)(2)(A) of the

Exchange Act, 15 U.S.C. § 78m(b)(2)(A), by carrying out an illegal scheme. (ECF No. 1.) Hohol was the most senior executive at Special Services, and Poshak was the comptroller. Both Hohol and Poshak resigned from Veolia in May 2011. The Complaint seeks a permanent injunction against the Defendants, disgorgement, and civil penalties pursuant to 15 U.S.C. § 78u(d)(3).

The motion for entry of judgment is based on the parties' agreement to settle this action. Each defendant has consented to the entry of judgment against him pursuant to the terms of a consent document, (ECF No. 1-3 (Hohol), ECF No. 1-6 (Poshak)), and has also "agree[d] that the Commission may present the Final Judgment to the Court for signature and entry without further notice" (*Id.* at ¶ 13.)

Hohol has consented to an order requiring that he disgorge $136,000 plus $16,649 in prejudgment interest for a total of $152,649; however, all amounts other than $106,000 are waived based on Hohol's sworn "Statement of Financial Condition" dated September 30, 2013, and other documents submitted to the S.E.C. However, the waiver of $46,649 in disgorgement and prejudgment interest, and the lack of the imposition of a civil penalty, are based on the accuracy and completeness of the information provided by Hohol to the S.E.C. regarding his assets, income, liabilities, and net worth. If at any time after the entry of final judgment the S.E.C. obtains information indicating that those representations were fraudulent, misleading, inaccurate, or incomplete, the S.E.C. may petition the Court, without notice to Hohol, for an order requiring Hohol to pay the unpaid portion of the disgorgement, pre- and post-judgment interest thereon, and the maximum civil penalty allowed by law.

Poshak is ordered to disgorge $28,000 plus $3,500 in prejudgment interest. A civil penalty is waived based on the sworn representations in Poshak's "Statement of Financial Condition" dated October 21, 2013, and other documents and information submitted to the S.E.C. However, the decision not to impose a civil penalty is based on the accuracy and completeness of the information provided by Poshak to the S.E.C. regarding his assets, income, liabilities, and net worth. If at any time after the entry of final judgment the S.E.C. obtains information indicating that those representations were fraudulent, misleading, inaccurate, or incomplete, the S.E.C. may petition the Court, without notice to Poshak, for an order requiring Poshak to pay the unpaid portion of the disgorgement, pre- and post-judgment interest thereon, and the maximum civil penalty allowed by law.

The Court held that, despite the deference afforded to the determination of an administrative agency, *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 866, (1984), the S.E.C. had not provided sufficient information for the Court to assess whether, as to each defendant, the proposed judgments are fair, reasonable, adequate, and in the public interest, and requested the S.E.C. to provide a written factual predicate for why it believes the Court should find that the proposed final judgments are fair, reasonable, adequate, and in the public interest. The Court also called the parties' attention to paragraph three, lines nine and ten of Hohol's consent to judgment stating that the S.E.C. may petition the Court for payment of "the unpaid portion of the disgorgement, prejudgment and post-judgment interest thereon," because it was unclear whether that amount includes the waived portions of the disgorgement. Additionally, because the

proposed judgments provide permanent injunctive relief barring Hohol and Poshak from any future violations of the statutory provisions identified in the Complaint, as required by the controlling case law, the Court directed the S.E.C. to revise its proposed Judgment *to include*, rather than incorporate by reference, provisions of Hohol and Poshak's consents to judgment.

The Court also directed the S.E.C. to revise its proposed judgments to eliminate the statement: "[t]here being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice," because the statement is not appropriate or necessary in this instance. Finally, the Court raised the question of whether the proposed Judgments are final judgments because neither expressly states the disposition of the claims against the defendant; e.g., dismissal without prejudice, while including a provision for the retention of jurisdiction over the enforcement of the terms of the settlement agreement.

The S.E.C. filed a timely response and proposed revised final proposed judgments as to Hohol and Poshak. The S.E.C. has provided additional information, including facts regarding the financial condition of each defendant and the potential civil penalties that each defendant faced. Based on the information provided by the S.E.C., the Court finds that the proposed judgments are fair, reasonable, adequate, and in the public interest.

The Court is also satisfied that the S.E.C.'s revised proposed judgments eliminate the extraneous "no just reason for delay" language, and include, rather than incorporate by reference, the terms of each defendant's consent to judgment. With respect to paragraph

three, lines nine and ten of Hohol's consent to judgment stating that the S.E.C. may petition the Court for payment of "the unpaid portion of the disgorgement, prejudgment and post-judgment interest thereon," the S.E.C. has clarified that the unpaid portion of the disgorgement refers to $46,649, including $30,000 in waived disgorgement, together with any post-judgment interest that would have accrued at the time of such a petition by the S.E.C. Consequently, the Court has revised that portion of the third sentence in paragraph IV of the revised proposed final judgment against Hodol as follows: "[T]he S.E.C. may petition the Court for payment of the unpaid portion of the disgorgement (*including the $30,000 in waived disgorgement*), prejudgment and post-judgment interest." (Emphasis added.)

With respect to the finality of the judgments, the S.E.C. maintains that, with or without an explicit reservation of jurisdiction, the Court retains jurisdiction to enforce the injunction, as by contempt proceedings. Thus, contends the S.E.C., the provisions in the revised proposed judgments regarding retention of jurisdiction merely make explicit the retention of jurisdiction inherent in the Court's equitable power, and nothing in *Shapo v. Engle,* 463 F.3d 641, 642-46 (7th Cir. 2006) and/or *Blue Cross & Blue Shield Ass'n v. Am. Express Co.,* 467 F.3d 634, 636-39 (7th Cir. 2006), suggests that the Court should not retain jurisdiction to enforce the injunction, without dismissing the claims.

Despite the S.E.C.'s argument, *Shapo,* 463 F.3d at 646, suggests that with consent judgments where continuing enforcement of the judgment is contemplated, the more prudent practice is to dismiss the action without prejudice while retaining jurisdiction to enforce the judgment. To the extent that such provision is not needed when injunctive

relief is ordered because courts always have jurisdiction to enforce their injunctions, *see United States v. City of Chicago,* 870 F.2d 1256, 1257 (7th Cir. 1989), it does no harm. Section VII of the revised proposed judgments states — this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment. Having added language to the revised proposed final judgments that "the action is dismissed without prejudice" and that "the dismissal without prejudice shall not allow the parties to reopen issues resolved by this Judgment," the Court grants the S.E.C.'s motion for entry of judgment as consistent with this Decision and Order. *See Shapo,* 463 F.3d at 646.

NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:

The S.E.C.'s motion for entry of final judgment (ECF No. 2) is **GRANTED** as consistent with this Decision and Order.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of March , 2014.

BY THE COURT:

HON. RUDOLPH T. RANDA
U.S. District Judge